IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-2834-WYD-MJW

NATIONAL JEWISH HEALTH, a Colorado non-profit corporation

    Plaintiff,

v.

WEBMD HEALTH SERVICES GROUP, INC. and

WEBMD HEALTH CORP.,

    Defendants.

## JOINT STIPULATED PROTECTIVE ORDER (Docket No. 25-1)

Plaintiff, National Jewish Health ("Plaintiff"), and Defendants, WebMD Health Services Group, Inc. ("WebMD HSG") and WebMD Health Corp. ("WebMD") (individually "Defendant" and collectively "Defendants" or "WebMD"), may each seek documents or other information in discovery which contains confidential and/or trade secret information of the other party or of a third-party, in connection with the above-captioned case (the "Action"). This Protective Order balances the interests of the public against the interests of the parties in avoiding disclosure of trade secrets. This Protective Order is limited in scope and narrowly tailored, protecting only that information necessary to guard the movants' privacy and/or property rights, and no more.

THEREFORE, NJH and WebMD jointly move this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for entry of this Protective Order. The Court having found that, in light of the nature of the competitively sensitive, confidential information that may be sought in discovery, good cause exists for the entry of the following Protective Order:

{00148106;1}

IT IS HEREBY ORDERED that this Protective Order is hereby entered in this Action:

## DEFINITIONS

1. "Confidential Information" shall include any document (whether in hard copy or computer readable form), thing, deposition testimony, discovery response, and/or other information provided in discovery in this action ("Discovery Material") which contains non-public, confidential information, of a party or third party (the "Designating Party"), where the Discovery Material further contains:

   a. trade secrets, know-how, confidential data, and/or financial or commercial data, the disclosure of which may cause harm to the competitive position of the Party possessing such data or information, including but not limited to the content of, or strategy relating to, pending or draft patent applications, if any; and/or

   b. information relating to unreleased products or products in development.

2. Confidential Information shall not include any Discovery Materials which:

   a. have been, or become, lawfully in the possession of the the party receiving the same ("Receiving Party")through acts other than production or disclosure in this Action, or in other litigation, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party may continue to use such documents in the course of its business subject to those agreements; or

  b. have been, or become, part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party.

3. "Qualified Persons" having access to Discovery Material designated "Confidential Information" under this Protective Order in this Action are limited to:

  a. retained outside counsel for Plaintiff or for Defendant and specifically designated in-house counsel whose assistance is reasonably necessary to the conduct of this Action and who agree to be bound by the terms of this Protective Order;

  b. retained Independent Consultants and/or Independent Experts, for Plaintiff or Defendants, who are employed to furnish expert or technical services in connection with this Action, and/or to give expert testimony in this Action, who are not otherwise affiliated in any way with either Party and who have complied with the provisions of this Protective Order, including the completion of Exhibit A attached hereto;

  c. this Court or any other court having jurisdiction over discovery in this Action;

  d. stenographic, clerical, and/or paralegal employees of those identified in 3(a)-3(c) above whose duties and responsibilities require access to such materials;

  e. outside document copying or coding services, computerization services, and/or litigation support services ("Vendor"). Notwithstanding any other provision of this Protective Order, access to Confidential Information shall be permitted to such Vendor without need for the Vendor completing Exhibit A. The outside counsel providing Confidential Information to a Vendor shall be responsible for that Vendor's compliance with the provisions of this Protective Order; and

  f. as Plaintiff has alleged that certain individuals currently or formerly employed by one or both of the Defendants have received and misappropriated Confidential Information, those individuals will be allowed to see such Confidential Information as is reasonably necessary to the conduct of this Action, provided that those individuals have complied with the provisions of this Protective Order, including the completion of Exhibit A attached hereto.

4. Nothing herein restricts the use or disclosure by a Party of its own documents or information.

## DESIGNATION OF DISCOVERY MATERIAL

5. Discovery Material may be designated as Confidential Information by conspicuously affixing the legend "CONFIDENTIAL" or a similar designation on each page containing any Confidential Information (or, in the case of computer medium, on the medium

and its label and/or cover and/or to its emailed message and/or attachment) to which the designation applies.

6. Discovery Material designated CONFIDENTIAL shall be identified by Bates number. To the extent practical, the respective legend shall be placed near the Bates number.

7. Designation of Discovery Material as Confidential Information shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party; that there is a valid and good faith basis for such designation, made at the time of disclosure or production to the Receiving Party; and that disclosing such information to persons other than those permitted access to such material hereunder would cause competitive injury to the Designating Party.

8. Notwithstanding any default provisions of this Protective Order, the party asserting confidentiality shall have the burden of proving that the information at issue is entitled to the protection of this Protective Order.

9. The inadvertent production of any privileged or Confidential Information, with or without an appropriate designation of confidentiality, shall not be deemed a waiver of any claim of privilege or protection, provided that the producing party shall immediately notify Receiving Party, in writing, when inadvertent production is discovered. If prompt notification is made and the producing party describes in detail the circumstances surrounding the document's alleged inadvertent production, then the Receiving Party shall, upon request, (i) return or destroy all such inadvertently produced documents and all copies thereof, or (ii) place all such inadvertently produced documents and all copies thereof in a sealed envelope and move the Court for an Order

on this issue. Counsel for the Receiving Party shall not use such information for any purpose until further Order of the Court.

## METHOD OF ACCESS

10. Qualified Persons defined in paragraphs 3(b) and, to the extent applicable, 3(d) shall be allowed access to Confidential Information only after complying with the following procedure:

   a. At least ten (10) days before receiving access to any Confidential Information, the person shall be furnished with a copy of this Protective Order and shall be required to execute the acknowledgment form attached hereto as Exhibit A.

   b. Outside counsel for each Receiving Party shall retain a copy of each such acknowledgment form (Exhibit A).

   c. The parties to this Action shall be allowed to disclose Confidential Information to such persons defined in paragraphs 3(a)-3(b) and 3(d) unless the Designating Party objects to the disclosure of Confidential Information to the particular person within ten (10) business days after Exhibit A (and in the case of experts, after a curriculum vitae of the retained person) has been provided to the Designating Party.

   d. If objection to disclosure is made within the ten (10) business days, the objecting party shall, no later than seven (7) business days after objection, petition the Court for an order prohibiting the disclosure at

issue. The objecting party shall have the burden of persuasion that disclosure should not be made.

e. If an objection is made, no Confidential Information shall be made available to the particular person until after the Court rules that disclosure can be made, so long as the objection is followed by a timely petition.

## USE OF PROTECTED MATERIALS

11. Confidential Information shall be used by a Receiving Party solely for the purpose of this Action and any appeals therefrom, and shall not be made available, disclosed, or summarized to any persons, including the parties, other than as permitted by this Protective Order. However, nothing in this Protective Order shall bar or otherwise restrict any trial counsel from rendering advice to his client with respect to this Action and, in the course thereof, relying generally upon his examination of documents or information designated as Confidential Information provided, however, that trial counsel adhere to the terms of this Order.

12. Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such information in order to ensure that the confidential nature of the same is maintained.

13. If Confidential Information is disclosed in a manner not authorized by this Protective Order, the party responsible for such disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the disclosed Confidential Information and make every reasonable effort to retrieve such information and to prevent further disclosure.

14. When Confidential Information is discussed, or referred to in any deposition, the interrogating attorney shall ensure that only persons permitted by paragraph 2 of this Protective Order to have access to such Confidential Information are present.

15. Nothing in this Protective Order shall limit or restrict any party's right to inquire about or show Confidential Information to a deponent that is an officer, director, employee, or agent of the party or non-party that produced the Confidential Information. In any other deposition, the witness may be examined about or shown a document or thing containing designated Confidential Information with the consent of the party producing the same (which consent shall not be unreasonably withheld), or if it appears from the face of the document that the witness authored or received a copy of it.

16. If any party intends to disclose Confidential Information in open court, the disclosing party shall first reasonably inform the opposing party, so that such opposing party may request that the disclosure be made *en camera*.

17. Nothing herein prevents any counsel of record from utilizing Confidential Information to examine any person reasonably alleged to be the author, source, or recipient of the Confidential Information.

18. Any deposition transcript containing Confidential Information shall be marked on the cover, as appropriate, and shall indicate within the transcript what information has been so designated. When possible, the stenographic reporter shall be requested, when the Confidential Information is disclosed, to separate those portions of the transcript containing said Confidential Information and separately bind it from the non-confidential portions. However, a party may designate any portion or all (if appropriate) of the transcript as containing Confidential

Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall, accordingly, indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other parties in writing, and with page and line designations, within ten (10) days after receipt of the transcript. Until ten (10) days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Confidential Information.

19. In the event the producing party elects to produce documents and things for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files shall be considered as marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain Confidential Information with the appropriate confidentiality marking at the time the copies are produced to the inspecting party. Bound copies of multi-paged documents may be stamped on the cover page only.

20. The Parties agree to follow the procedures set forth in D.C.COLO.LCivR 7.2 with respect to Public Access to Documents and Proceedings.

### WAIVERS AND ADMISSIONS

21. Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, shall not prejudice the rights of any party to:

    a. seek a determination by the Court whether any Discovery Material should be subject to the terms of the Protective Order or to seek permission from the

Court to disclose or use particular Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

b. petition the Court for a further protective order relating to any purportedly Confidential Information.

22. The failure of a party, at the time it receives designated Confidential Information, to challenge or object to such designation shall not be deemed a waiver of the right to challenge or object to the Confidential Information designation at any later time. Any party may, at any time, request permission to use or disclose information with "CONFIDENTIAL" designations other than as permitted, pursuant to this paragraph, by serving (by facsimile transmission or other methods as the Parties may mutually agree) a written request upon counsel for the Designating Party at least ten (10) business days before the date of the proposed disclosure. Such request shall specifically identify the Confidential Information sought to be disclosed including the Bates number of the document(s), and the name, title and function of the person to whom disclosure is desired to be made and who shall have complied with the provisions of this Protective Order including the completion of Exhibit A. The Designating Party shall thereafter respond to the request in writing within ten (10) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request.

23. Where consent has been withheld, if the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution upon motion by the party seeking disclosure.

## **DURATION**

24. All provisions of this Protective Order restricting the use of Confidential Information shall continue to be binding on all parties who have received Confidential Information after the conclusion of this Action, including all appeals, unless the parties agree otherwise in writing. All originals and copies of Discovery Materials designated as Confidential Information shall, at the request of the Designating Party, be returned to the Designating Party within sixty (60) days after a final judgment herein and after exhaustion of all appeals or settlement of this Action, or, at the option of the Designating Party or the Receiving Party, destroyed in that time frame, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, written discovery responses served on the parties, each deposition transcript, together with the exhibits marked at the deposition, the trial transcript together with trial exhibits, and documents constituting work product which were internally generated based upon or which include Confidential Information.

25. In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Confidential Information to another party absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall notify outside counsel for the Designating Party within five (5) business days of the receipt of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the Designating or Receiving Party, the other party or its outside counsel shall certify, in writing, that all such documents have been returned or destroyed, as the case may be.

Dated: February 20, 2013

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

AGREED AS TO FORM AND SUBSTANCE:

**BERENBAUM WEINSHIENK PC**

/s Gary R Maze
Gary R Maze
Ellen Elizabeth Stewart
James Wooll
370 17th Street, Suite 4800
Denver, CO 80202
Tel.   303.825.0800
Fax.   303.629.7610
gmaze@bw-legal.com

Attorneys for Plaintiff
National Jewish Health


**IRELAND STAPLETON PRYOR & PASCOE, PC**

/s K.C. Groves
K.C. Groves
Mark E. Lacis
1675 Broadway, Suite 2600
Denver, CO 80202
Attorneys for Defendants
WebMD Health Services Group ("HSG") and
WebMD Corp. ("WebMD")

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-2834-WYD-MJW

NATIONAL JEWISH HEALTH, a Colorado non-profit corporation

    Plaintiff,

v.

WEBMD HEALTH SERVICES GROUP, INC. and

WEBMD HEALTH CORP.,

    Defendants.

### ACKNOWLEDGEMENT OF RECEIPT OF CONFIDENTIAL MATERIAL

I, _____, declare under the penalty of perjury, that:

(a)     My present residential address is _____;

(b)     My present employer is _____ and the address of my present employer is _____;

(c)     My present occupation or job description is _____;

(d)     I have received and carefully read the Protective Order dated _____, and understand its provisions. Specifically, I understand that I am obligated, under the Order of the Court, to hold in confidence and not to disclose the contents of anything marked "CONFIDENTIAL", except as permitted under the terms of this Protective Order. I will use the Confidential Information solely for purposes relating to the above-captioned litigation. I will never use said information, directly or indirectly, in competition with the Designating Party nor

will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e) At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed, all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential Information, which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(f) I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Order, and I further understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Designating Party.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.

Date: _____

Printed: _____

Declarant: _____