IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02834-WYD-MJW

NATIONAL JEWISH HEALTH, a Colorado non-profit corporation,

Plaintiff(s),

v.

WEBMD HEALTH SERVICES GROUP, INC., and
WEBMD HEALTH CORP.,

Defendant(s).

---

**ORDER REGARDING
DEFENDANTS' MOTION FOR SANCTIONS OR TO COMPEL AND
REQUEST FOR FORTHWITH HEARING (DOCKET NO. 50)**

---

Entered by Magistrate Judge Michael J. Watanabe

This matter was before the court for hearing on August 13, 2013, on Defendants' Motion for Sanctions or to Compel and Request for Forthwith Hearing (docket no. 50). The court has reviewed the subject motion (docket no. 50) and the response (docket no. 57). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. In particular, this court has reviewed the record of court proceedings during the hearing held on June 24, 2013, concerning the Defendants' Motion to Compel (docket no. 37). The review by this court of the hearing on June 24, 2013, took hours since there was much colloquy between Magistrate Judge Watanabe and counsel during this hearing in order to clarify exactly what Plaintiff was claiming Defendants have done to infringe. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the arguments raised by Defendants on the subject motion (docket no. 50) are, *in essence*, the same arguments raised at the June 24, 2013, hearing. At the June 24, 2013, hearing, this court granted in part and denied in part the Defendants' prior Motion to Compel (docket no. 37). After much questioning by the court of counsel and argument by the parties, this court outlined a specific procedure in order for Defendants to acquire the information that they were seeking to compel. In particular, this court ordered:

   - Plaintiff shall have a representative, for the Plaintiff, sign the "chart" which was shown to the court during this hearing as well as signing further averment that this is the only verison. The chart is inclusive of all Copyright Infringement Claims that Plaintiff alleges. These shall be provided to the Defendant on or before June 28, 2013.

   - Parties shall meet and confer to arrange a date and time for Defendant and Defendant representative to take the CD

3

> received from Plaintiff to National Jewish Health for assistance from the IT Department, expected to be Mr. Lazlow Pook, to access the information on the CD. An expert for Defendant may be present.
>
> • Any documents viewed on the CD that Defendant wishes to have printed shall be printed at Defendant's expense. All information is subject to the Protective Order and shall be used for this purpose only and no other purpose. Each party shall pay its own attorney fees and costs."

See the ORDERED section of docket no. 43.

5. That Plaintiff has provided Defendants with a verified Protected Elements Chart;

6. That Plaintiff has offered to assist Defendants, per this court's Order (docket no. 43), in accessing information on the CD ROM which consists of the Source Code Files registered with the U.S. Patent Office;

7. That Defendants were told by Plaintiff many times that the "Plaintiff NJH Screen Displays" are not generated "solely from the Source Code" on the CD that they have been provided. Plaintiff has previously asserted that one or both of the Defendants "copied and/or made derivative works is based on one or more FitLogix® screen displays, including protectable elements within these displays such as layout and content. See Response (docket no.

4

57, exhibit A, Maze Decl., ¶¶ 28-29; docket no. 49-6). The Elements Chart contains a column explicitly identifying each such protectable element, and Plaintiff informed Defendants that the Protected Elements Chart identifies "each FitLogix® screen display that Plaintiff alleges that either or both Defendants infringed, each protected element within each such FitLogix® screen display, and corresponding WHC and/or WHSG screen display which infringes the protected elements." Furthermore, at the hearing on June 24, 2013, Plaintiff stated what is listed on the Elements Chart is all that they are claiming was infringed by the Defendants in this lawsuit;

8. That Mr. Pook explained that software such as FitLogix® requires external software, e.g., operating system components such as "services," and related software. (docket no. 49-3, exhibit C, pp. 17:2-12; 22:10-12). In this context, "services" are software routines made available by another piece of software such as an operating system. Plaintiff asserts no copyrights in software whose copyrights, if any, are owned by another such as Microsoft Corp. Mr. Pook explained that the FitLogix® software is merely a piece in a system that has other hardware and software components, e.g., a database server, a web server, and possibly external files such as graphics files. (*Id.* at 12:12-25; 24:6-21). Mr. Pook explained how some content might not be present in the absence of, e.g., a database server. (*Id.* at 17:10-18:11). Mr. Pook's statements

comports with what was throughly discussed at the prior June 24, 2013, hearing before Magistrate Judge Watanabe. (See docket no. 49-1, exhibit A, p. 13:09-15:21). Furthermore, Mr. Pook testified that Plaintiff's Protected Elements, e.g., the asserted look and feel Protected Elements which Plaintiff alleges copyright infringement, are all contained in the Source Code which resides at a web server. (See docket no. 49-3, exhibit C, p. 8:10-13). This does not mean that the user perceptible displays are generated simply from the Source Code but rather means that the mechanics of layout (look and feel) are immutably present in the Source Code. (See docket no. 57-6, ¶9); and

9. That Defendants have not been denied access to the information on the CD. Instead, Defendants have simply not complied with this court's Order (docket no. 43) as outlined above in paragraph 4. All Defendants had to do was to meet and confer with Plaintiff's counsel and set up a date and time with Defendant's expert and Mr. Pook from Plaintiff NJH. Mr. Pook would help Defendants get access to the CD along with Defendants' expert as ordered by Magistrate Judge Watanabe. (See docket no. 43). This Order (docket no. 43) does not require access to "only" or to "solely" the information on the CD, nor does it exclude use of external content. This court acknowledged that external components were understood as being permitted, if not required: " So are you

prepared to provide them with the hardware and **other software** so it can be viewed?" (See docket no. 49) (emphasis added). This Order (docket no. 43) does not restrict the CD to be the only medium from which such information is used, e.g., during compilation, stating: **"the defendant may bring the actual CD."** (See docket no. 49, p. 3, citing Defendant's exhibit A, docket no. 49-1, 59:4-16). The Defendants were not required to bring the actual CD to NJH that was provided to Defendants; rather, Plaintiff would actually sit down and show Defendants what they are claiming infringes, with experts on both sides present. In other words, Plaintiff would be running instances of FitLogix® Versions 1.0 and 1.3 from an alternative source or Plaintiff's IT person, Mr. Pook, could use the actual CD and run such FitLogix® Versions 1.0 and 1.3 on Plaintiff's computer at NJH with Defendant and Defendants' expert.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendants' Motion for Sanctions or to Compel and Request for Forthwith Hearing (docket no. 50) is **DENIED**; and

2. That each party shall pay their own attorney fees and costs for this motion.

7

Done this 26th day of August 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE